UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAELA BRUNMEIER,

        Plaintiff,

vs.                                CASE NO.:

THRIVEHIVE, INC., a Foreign Profit
Corporation, UPCURVE, INC., a
Foreign Profit Corporation,
GATEHOUSE MEDIA
MANAGEMENT SERVICES, INC., a
Foreign Profit Corporation,
GATEHOUSE MEDIA FLORIDA
HOLDINGS, INC., a Foreign Profit
Corporation, GATEHOUSE MEDIA,
LLC, a Foreign Limited Liability
Company, GANNETT CO., INC. f/k/a
NEW MEDIA INVESTMENT
GROUP, INC.

        Defendants.        /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAELA BRUNMEIER ("Plaintiff"), through undersigned counsel,

files this Complaint against Defendant, THRIVEHIVE, INC., ("THRIVE"), UPCURVE,

INC. ("UPCURVE"), GATEHOUSE MEDIA MANAGEMENT SERVICES, INC.,

("GATEHOUSE"), GATEHOUSE MEDIA FLORIDA HOLDINGS, INC.,

("GATEHOUSEFL"), GATEHOUSE MEDIA, LLC, ("GATEHOUSE MEDIA") and

GANNETT CO., INC. f/k/a NEW MEDIA INVESTMENT GROUP, INC. ("NEW

MEDIA") (hereinafter collectively referred to as "Defendants"), and states as follows:

**INTRODUCTION**

1.     This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"),  the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2.     Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition.

3.     Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

**JURISDICTION AND VENUE**

4.     The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendants in and around Hillsborough County, Florida.

5.     The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Hillsborough County, Florida.

6.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7.      On April 6, 2020, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

8.      Plaintiff is an adult individual who resided in Hillsborough County, Florida, during her employment with Defendants.

9.      From approximately May 22, 2017 until her termination on October 18, 2018, Plaintiff was employed by Defendants as a Strategic Business Development Manager.

10.      Defendant ThriveHive is and was, at all relevant times, operating in Sarasota and Manatee County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

11.      Defendant Gatehouse, is and was, at all relevant times, operating in Sarasota and Manatee Counties, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

12.      Defendant GatehouseFL, is and was, at all relevant times, operating in Sarasota and Manatee Counties, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

13.      Defendant Gatehouse Media, is and was, at all relevant times, operating in Sarasota and Manatee Counties, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

14.      Defendant New Media, is and was, at all relevant times, operating in

Sarasota and Manatee Counties, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

15.     At all times material to this action, Defendants, were and continue to be a Foreign for Profit Corporations.

16.     Defendants were an employer as defined by the laws under which this action is brought and employ greater than 15 employees.

17.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the ADA.

18.     At all times material to this action, Defendants were, and continues to be an "employer" within the meaning of the ADA.

19.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FMLA.

20.     At all times material to this action, Defendants were, and continues to be, an "employer" within the meaning of the FMLA.

21.     Defendants are an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

22.     At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within a 75 mile radius.

23.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by Defendants for at least 12

months and worked at least 1,250 hours during the relevant 12-month period prior to her taking leave which would be protected pursuant to the FMLA.

24.     At all times relevant hereto, Defendants were "joint employers" of Plaintiff who exercised complete control over her work by scheduling, managing and overseeing her day-to-day duties and responsibilities on a constant basis as an employee of Defendants, Defendants set her rate of pay, Defendants supervised Plaintiff's work directly and indirectly, Defendants controlled the right to hire, fire, or modify the employment, Defendants prepared the payroll and controlled the payment of wages to Plaintiff.  As a result, Defendants were Plaintiff's "joint employers."

## GENERAL ALLEGATIONS

25.     At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's federally protected rights.

26.     Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

27.     On or about February 2018, Plaintiff was diagnosed with gastro-intestinal issues.

28.     Therefore, from February 2018 until June 26, 2018, Plaintiff was out on short term disability due to her requiring multiple surgeries relating to her illness.

29.     During her May 8, 2018, through May 12, 2018, absence, Defendants requested that Plaintiff have a telephone conference with her supervisor, Steve Gardener, and Human Resources Manager, Joel Girouard, at which time she was offered a demotion and was told that her position was going to Boston.

30.     Thereafter, Defendants' sent Plaintiff the demotion paperwork.

31.     Plaintiff advised Defendants she did not want to take the demotion. However, Defendants informed Plaintiff was she had a week to fill it out and return to them or else.

32.     Plaintiff complained to Defendants' Human Resources ("HR") and advised that she wanted to speak with someone in the Corporate HR at which time the Defendants withdrew their offer of a demotion.

33.     Following this discriminatory and retaliatory incident, around March 22, 2018, Defendants requested that Plaintiff fill out FMLA paperwork even though she did not yet qualify for FMLA leave until May 22, 2018.

34.     Regardless, Plaintiff applied for and began her FMLA Leave May 22, 2018 through June 2018.

35.     Plaintiff returned and closed out her pending sales/contracts which initially resulted in good sales performance upon her return from FMLA leave for July, August and September 2018.

36.     That said, in Plaintiff's line of work (sales), sufficient time was required for Plaintiff to ramp back up and to develop a new pipeline of potential customers so that she could, again, continue to meet her sales quotas as she has done in the past.

37.     From July through October of 2018, Plaintiff began the process of regenerating her sales pipeline by building up new sales leads.

38.     Despite asking for additional assistance due to having to ramp back up to where she was before her FMLA leave, Defendants provided her with little or no

reasonable accommodations to account for the fact that Plaintiff needed time to ramp back up and to account for the fact that Plaintiff was still advising Defendants that she was still having complications from her surgeries and was still quite sick sometimes.

39.     Thus, Defendants' failure to accommodate Plaintiff from a performance metric standpoint and from a personal disability accommodation standpoint caused her to not be able to meet some of her quotas.

40.     Plaintiff advised HR that she was trying her best, but she was still ill, as Plaintiff was returning from a major surgery that had just recently occurred.

41.     Essentially, however, Plaintiff was set up to fail by Defendants.

42.     On October 2, 2018, Plaintiff suffered a gallbladder attack and informed Defendants of same.

43.     Although eligible for FMLA protected leave as a result of her serious medical condition, Defendants failed to inform Plaintiff of her FMLA rights at any point in time after she informed Defendants of her gallbladder attack/need for emergency surgery.

44.     Then, on October 3, 2018, Plaintiff reported to the hospital to have emergency surgery on her gallbladder.

45.     Plaintiff returned to work on October 11, 2018.

46.     Upon her return to work, Plaintiff advised Defendants that she was excited because she had a contract that would be closing near the month's end, which would bring her sales numbers up significantly.

47.     Abruptly, on October 12, 2018, just one day after her return to work, Joel

7

Girouard, Defendants' HR manager, again retaliated against Plaintiff by attempting to bully her into accepting the same demotion which was offered to her back in May of 2018 and later withdrawn.

48.     During this discussion, Joel Girouard frequently and specifically referenced Plaintiff's "health" as the reason for Defendants wanting to move her into a lower-paying position.

49.     Plaintiff responded that she did not have any restrictions at this time moving forward and would be able to make her quotas again once she was fully ramped back up into her regular sales flow.

50.     On October 15, 2018, after again being pressured by Joel Girouard in a retaliatory fashion for needing FMLA leave and/or for needing reasonable accommodations Plaintiff was asked by Joel Girouard to "strongly" reconsider the demotion and to accept the lower-paying position or else potentially face termination.

51.     As a result of Joel Girouard's retaliatory and unlawful threats to her employment, Plaintiff reluctantly accepted the demotion as she felt that if she did not, then she would be terminated.

52.     Nonetheless, on October 17, 2018, Mr. Gardener emailed Plaintiff to schedule a call for October 18, 2018.

53.     On October 18, 2018, Plaintiff had a telephone conference with Mr. Gardener and Joel Girouard, who immediately informed Plaintiff she was being terminated instead of being demoted.

54.     In fact, Mr. Gardener shockingly said that "Greg Ryan (Senior VP of

Sales) and I decided we were going to terminate you as soon as you returned from leave anyways."

55.    As a result of her termination, Plaintiff was also unable to close the pending deals she had in her pipeline as Defendants abruptly terminated her on October 18, 2018, without any warning, just about a week after her return to work from her gallbladder surgery on October 11, 2018.

56.    Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

57.    Plaintiff seeks all available remedies including but not limited to a declaration from this Court that Defendant has violated the FMLA and ADAA; an order awarding lost wages, compensatory damages, emotional distress, pain and suffering, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendants' conduct, as well as liquidated damages, per se and post judgment interest and her attorneys' fees and costs.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

58.    Plaintiff realleges and adopts the allegations of paragraphs 1-57 above as if fully set forth herein.

59.    Plaintiff was a qualified individual with a disability.

60.    Plaintiff was perceived as disabled by Defendants.

61.    Defendants were Plaintiff's employer as defined by the ADAAA.

62.    Defendants discriminated against Plaintiff because of her actual or perceived disability and/or because of her requests for reasonable accommodations in violation of the ADAAA.

63.     Defendants discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendants of her actual and/or perceived disability and/or requesting reasonable accommodations to which she was entitled to.

64.     Defendants had actual or constructive knowledge of the discriminatory conduct.

65.     Defendants failed to accommodate Plaintiff's disabilities.

66.     Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

67.     Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

68.     By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because of her disability in violation of the ADAAA.

69.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

70.     Defendants' violations of the ADAAA were willful.

71.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits and/or lost earning capacity;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Declaratory judgment that Defendants' practices violate the ADAAA;

h.      Punitive damages;

h.      Costs and attorney's fees; and

i.      Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

72.      Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-57.

73.      Plaintiff is a member of a protected class due to her disability/handicap or perceived disability/handicap and/or her request for reasonable accommodations to which she was entitled to under the FCRA.

74.      By the conduct described above, Defendants engaged in unlawful employment practices, treated Plaintiff differently than other similarly-situated non-disabled employees and discriminated against Plaintiff on the basis of her disability/handicap or perceived disability/handicap and/or due to her requests for reasonable accommodations to which she was entitled to in violation of the FCRA.

75.      Defendants knew or should have known of the discrimination.

76.      Defendants failed to accommodate Plaintiff's disabilities.

77.      The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the

discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Punitive Damages;

h.   Costs and attorney's fees; and

i.   Such other relief as the Court may deem just and proper.

<u>**COUNT III**</u>
<u>**RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA**</u>

78.   Plaintiff realleges and adopts the allegations of paragraphs 1-57 above as if fully set forth herein.

79.   Plaintiff requested an accommodation under the ADAAA.

80.   Plaintiff engaged in protected activity when she requested reasonable accommodations under the ADAAA.

81.     Plaintiff also complained about Defendant's discriminatory treatment of her because of her disability and Defendant's failure to accommodate her disability.

82.     Indeed, Plaintiff complained both to Human Resources and her supervisor.

83.     Plaintiff's disability was not accommodated, she was placed on a performance improvement plan as a result of her needing a reasonable accommodation, was bullied into accepting a demotion, then she was finally terminated in retaliation for complaining about her disability discrimination and for requesting an accommodation under the ADAAA.

84.     By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA.

85.     By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA.

86.     Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

87.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits and/or lost earning capacity;

d.      Compensatory damages;

e.      Damages for mental anguish and emotional distress;

f.      Punitive damages;

g.      Injunctive relief;

h.      Prejudgment interest;

i.      Declaratory judgment that Defendant's practices violate the ADAAA;

j.      Costs and attorney's fees; and

k.      Such other relief as the Court may deem just and proper.

### COUNT IV
### RETALIATION IN VIOLATION OF THE FCRA

88.     Plaintiff re-alleges and adopts paragraphs 1 – 57 as though set forth fully herein.

89.     Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

90.     Plaintiff engaged in protected activity when she complained to Human Resources about being treated differently because of her disability/handicap and discrimination/retaliation that she experienced.

91.     Indeed, Plaintiff complained both to Human Resources and her supervisor.

92.     Plaintiff's disability was not accommodated, she was placed on a performance improvement plan as a result of her needing a reasonable accommodation, was bullied into accepting a demotion, then she was finally terminated in retaliation for

complaining about her disability discrimination and for requesting an accommodation under the FCRA.

93.     By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

94.     Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

95.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## COUNT VI
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

96.    Plaintiff re-alleges and adopts paragraph 1 – 57 as though set forth fully herein.

97.    Plaintiff is a member of a protected class due to her sex (female).

98.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of Title VII by treating her differently than other similarly-situated male employees.

99.    Defendant knew or should have known of the discrimination.

100.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

16

    f.   Punitive damages;

    g.   Prejudgment interest;

    h.   Costs and attorney's fees; and

    i.   Such other relief as the Court may deem just and proper.

## COUNT VII
## DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA

101.      Plaintiff re-alleges and adopts paragraph 1–57 as though set forth fully herein.

102.      Plaintiff is a member of a protected class due to her sex.

103.      By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex by treating her differently than other similarly-situated male employees in violation of the FCRA.

104.      Defendant knew or should have known of the discrimination.

105.      The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

      **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Punitive damages;

g.   Prejudgment interest;

h.   Costs and attorney's fees; and

i.   Such other relief as the Court may deem just and proper.

## COUNT VIII
## FMLA INTERFERENCE

106.   Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-57.

107.   Plaintiff was an employee entitled to the protection of the FMLA.

108.   Defendants were Plaintiff's employer as defined by the FMLA.

109.   Defendants' actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

110.   At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by failing to provide her with FMLA leave, failing to inform Plaintiff of her rights under the FMLA, failing to provide Plaintiff with a rights and responsibilities letter under the FMLA after being made aware of a qualifying reason for Plaintiff's need of FMLA leave, and by contacting Plaintiff during her FMLA in an attempt to demote her from her position and/or to attempt to get Plaintiff to agree to move to Boston or else face potential termination.

111.   The Defendants' actions constitute violations of the FMLA.

112.   Defendants' violations of the FMLA were willful.

113.   As a result of Defendants' unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

114.   Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Liquidated damages;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT IX
## FMLA RETALIATION

115.   Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 - 57.

116.   Plaintiff was an employee entitled to the protection of the FMLA.

117.   Defendants were Plaintiff's employer as defined by the FMLA.

118.   Defendants discriminated and/or retaliated against Plaintiff for asserting

her Rights under the FMLA.

119.   Defendants had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

120.   Defendants' actions constitute violations of the FMLA.

121.   Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

122.   Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave and/or as a result of Plaintiff taking leave which should have been covered by the FMLA, but for Defendants' unlawful interference with Plaintiff's FMLA rights.

123.   Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

124.   As a result of Defendants' actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

125.   Defendants' violations of the FMLA were willful.

126.   Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Liquidated damages;

e.   Compensatory damages for emotional pain and suffering;

f.   Injunctive relief;

g.   Prejudgment interest;

h.   Costs and attorney's fees; and

i.   Such other relief as the Court may deem just and proper.

## **JURY DEMAND**

The Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted on this 2nd day of July, 2020.


**/s/ Gregory R. Schmitz**
Gregory R. Schmitz
Florida Bar No.: 94694
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:     (407) 418 2079
Facsimile:      (407) 563-9986
Email: gschmitz@forthepeople.com
          mbarreiro@forthepeople.com
*Attorney for Plaintiff*